United States District Court
Southern District of Texas
**ENTERED**
April 25, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS CERVANDO LOPEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. B-15-144 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This Court is in receipt of Jesus Cervando Lopez's Motion for Federal Protective Petition and Stay and Abeyance to Exhaust His State Court Remedies (hereinafter Lopez's "Motion") and his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, Lopez's "§ 2254 Petition").   Dkt. Nos. 12, 17.   It is recommended that the Court deny Lopez's Motion and dismiss his § 2254 Petition without prejudice.

## I. Jurisdiction

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper in the district where the petitioner is confined or where his state conviction was obtained.   *See* 28 U.S.C. §§ 2241, 2254; *see also Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).   Lopez was convicted in Cameron County, Texas.[1] Jurisdiction is, therefore,

---

[1] Dkt. No. 17 at 1.

proper in this Court.  28 U.S.C. § 124(b)(5).

## II. Standard of Review

Pursuant to 28 U.S.C. § 2254(d), a federal court can only grant habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1] to a defendant convicted in state court, if the state's adjudication of his constitutional claims was: (1) contrary to, or involved an unreasonable application of clearly established federal law, as established by the Supreme Court; or (2) based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011).  A state court's decision is contrary to clearly established federal law if that court applied a rule contradicting the governing law as set forth by the Supreme Court, or if it reached a different result from those cases on "materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  When a state court decision applies the correct Supreme Court rule to the facts of a particular case, a reviewing court must determine whether the state court's application of law was objectively unreasonable.  *See id*. at 409-11.

A reviewing court cannot issue the writ simply because it finds that the relevant state-court decision applied clearly established federal law erroneously or incorrectly; rather, that application must be unreasonable as well.  *Id*. at 411. Courts determine reasonableness by determining whether no "fairminded jurists

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

could disagree" as to the application of the arguments and theories supporting the state court's decision to the applicable law. *See Harrington*, 562 U.S. at 102. The standard is "difficult to meet" because "it was meant to be." *Id.*

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility fairminded jurists could disagree* that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," *not a* substitute for ordinary error correction through appeal.

*Id.* at 102-03. (emphasis added) (internal citations omitted).

Further, only the state court's "ultimate legal conclusion" is reviewed for unreasonableness. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). AEDPA's standard of review applies "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent][,]" even if that state court fails to cite or is unaware of such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*). Finally, a state court's factual findings are presumed correct unless a petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness also applies to unarticulated findings necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

## III. Procedural History

On March 27, 2012, a jury found Jesus Cervando Lopez guilty of one count of capital murder in Cameron County, Texas. Dkt. No. 17 at 1; 26-7 at 55. Lopez

presented seven issues for appellate review, including whether the evidence was sufficient to support the verdict.  *See* Dkt. 26-9 at 2, 7.  Lopez's conviction was affirmed by the Court of Appeals for the Thirteenth District of Texas on December 30, 2013.  *See* Dkt. No. 26-9.   Lopez's petition for discretionary review was denied by the Texas Court of Criminal Appeals on June 4, 2014.  Dkt. No. 30-21.  Lopez's petition included only two grounds for relief, yet neither claim argued against the sufficiency of the evidence.  *See* Dkt. No. 30-20 at 4-5.

On August 10, 2015, while represented by counsel, Lopez filed a Pro Se Motion for Federal 'Protective Petition,' and Stay, and Abeyance to Exhaust His State Court Remedies Under Article 11.07, § 3, TCCP, (2015) Pace v. Diguglielmo, 544 U.S. 408, 416, 125 S.Ct. 1807 (2005) Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1534 (2005) of a § 2254 Petition for Habeas Corpus.  *See* Dkt. No. 1.  In the motion, Lopez asked that the Court freeze the federal statute of limitations pending his filing of a state habeas corpus petition in order to exhaust any available state remedies.  *See id.*  This Court denied the motion because, at the time, Lopez did not have a pending § 2254 petition.  Dkt. No. 4.  On August 31, 2015, through counsel, Lopez re-urged the pro se motion after filing his instant § 2254 Petition.  *See* Dkt. Nos. 12, 17.  Counsel informed the Court that he would file a state habeas corpus petition that properly tolled the federal statute of limitations.  *See* Dkt. No. 22.  The parties agree that the statute of limitations for Lopez's federal petition ran on September 2, 2015.  *See* Dkt. Nos. 12 Ex. 1 at 2, 31 at 3.  On November 18, 2015, Lopez's counsel filed Lopez's state habeas corpus petition.  Dkt. No. 25 at 17.

## IV. Discussion

Lopez's § 2254 Petition alleges only that the evidence submitted at trial was insufficient to support his conviction. *See* Dkt. No. 17 at 6. Lopez's Motion argues that he may stay his § 2254 Petition in order to exhaust available state remedies for additional potential claims. *See generally* Dkt. Nos. 12, 22. Following exhaustion of his state remedies, Lopez contends he would then seek to supplement his § 2254 Petition with those claims. *Id.* Respondent argues that Lopez failed to show good cause to stay his § 2254 Petition and that his sole claim is otherwise meritless. *See* Dkt. No. 31 at 10-14. Respondent also argues that the Court should deny Lopez's Motion because it is unclear what claims Lopez may later attempt to supplement into his § 2254 Petition after exhausting state remedies. *Id.* at 14. Finally, Respondent argues the claims within the state habeas corpus petition are now time-barred because the petition was filed past the federal limitations period. *See id.* at 13-14.

### A. Lopez's Stay and Abeyance Motion

Although the AEDPA does not dissolve a court's ability to issue a stay, it does circumscribe its discretion. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Any stay must be compatible with the AEDPA's purpose to reduce delays in the execution of state and federal criminal sentences. *Id.* As stated in *Rhines*, a stay of a § 2254 petition should be available only in limited circumstances because a stay effectively excuses the petitioner from the AEDPA's requirements to exhaust available state remedies. *Id.* at 277. That said, courts have the discretion to issue a stay when: (1)

good cause exists for the petitioner's failure to exhaust state remedies; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in intentional dilatory litigation tactics. *Id.* at 277-78.

It is unclear whether a stay under *Rhines* may be granted in "non-mixed" petitions. *See generally Green v. Thaler*, 699 F.3d 404, 420 (5th Cir. 2012) (in part, vacating a stay under *Rhines* for a "non-mixed" petition after refusing to treat an additional competency claim as a new claim that would have created a "mixed" petition); *but see Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014) (finding limited differences between "mixed" and "non-mixed" petitions).   "Mixed" petitions are federal habeas corpus petitions that include claims that have been exhausted through the state habeas corpus court system as well as those that have not. *See Rhines*, 544 U.S. at 273.  Meanwhile, "non-mixed" petitions are those in which all claims within the habeas petition are wholly exhausted or unexhausted. *See Doe*, 762 F.3d 1178.  Lopez's § 2254 Petition is "non-mixed" because the claim presented is either wholly exhausted or not, and he seeks a stay to *supplement* his petition with additional potential claims once he exhausts his state remedies.  But even if, for the sake of argument, a court could grant a stay and abeyance in a "non-mixed" petition, Lopez does not meet the requirements.

### i.   **Good Cause**

The Supreme Court has not defined what constitutes "good cause" for a stay, nor has the Fifth Circuit. *See Rhines*, 544 U.S. at 277; *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (stating, in dicta referring to *Rhines*, "[a] petitioner's

reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."); *Baldwin v. Thaler*, 2011 WL 744742 *18 (S.D.Tex. Jan 27, 2011) (memorandum opinion).   In fact, the Fifth Circuit's only guidance as to what constitutes good cause for a stay has been in *Ruiz v. Quarterman*.   There, the appellate court noted in passing that district courts should find good cause "in the equitable sense."   *See Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007) ("The court did not find a 'good excuse' in the technical sense, of course, and this cannot be how the phrase was intended by the Supreme Court, for with such 'good cause' a district court could simply excuse the failure to exhaust on the spot. The Supreme Court rather intended the district court find 'good cause' in the equitable sense.").

Other courts have looked towards good cause in similar contexts such as procedural default when defining good cause for a stay.   *See Blake v. Baker*, 745 F.3d 977, 982-84 (9th Cir. 2014) (comparing good cause in *Rhines* to procedural default good cause in *Martinez*, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure . . . . An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust."); *Doe*, 762 F.3d at 1182 (citing *Blake*, but also noting that good cause has been satisfied by "'any external objective factor'" not fairly attributable to the petitioner) (internal citation omitted).   These courts also note that, while good cause is a stringent standard, the three *Rhines* factors work in conjunction to equitably balance competing policies.

*See Jones*, 762 F.3d at 1181; *Blake*, 745 F3d at 981-82.  Noting that, the Ninth Circuit stated the concern that a stay should be granted sparingly does not require good cause to be limited to excuses that arise infrequently.  *Blake*, 745 F.3d at 982.

The Ninth and Tenth circuits are correct; good cause for a stay and abeyance should not require an extraordinary or unreasonable showing.  The second and third *Rhines* factors limit stays for potentially meritorious claims and to petitioners who do not intentionally delay litigation.  *See Rhines*, 544 U.S. at 278.  These factors help ensure that a stay is granted only in situations where the prisoner's interest in obtaining federal review of his claims outweigh the concerns of the AEDPA.  Thus, this Court follows the Ninth and Tenths circuits by adopting a standard that reasonably balances a prisoner's interest in federal review of his claims with the policies behind the AEDPA.  Petitioners show good cause when they provide a reasonable excuse external to their efforts to comply with the statute of limitations and one that cannot be rationally placed onto them.  Further, the excuse must be supported by a showing of merit.

In coming to this decision, this Court considered the benefits of applying similar concepts from settled law and these concepts' balancing of policies similar to those underlining the AEDPA.  For example, this standard has the benefit of borrowing from previously established Supreme Court and Fifth Circuit law for procedural default.  The Supreme Court made clear that good cause for procedural default "must ordinarily turn on whether the prisoner can show [] some objective factor external to. . . efforts to comply with the State's procedural rule."  *Murray v.*

*Carrier*, 477 U.S. 478, 488 (1986).  Further, the Fifth Circuit routinely applies good cause in procedural default by considering the equitable merits of the excuse, based upon the facts of the individual situation, and the factual support the petitioner presents for that cause.  *See, e.g.*, *Barrientes v. Johnson*, 221 F.3d 741, 763-69 (5th Cir. 2000).  Thus, the standard identified above regarding good cause for a stay and abeyance borrows similar requirements, making it the immediate beneficiary of experienced application of settled law.

Good cause in procedural default also balances similar policy considerations as those announced in *Rhines*.  *See Rhines*, 544 U.S. at 276-77; *Murray*, 477 U.S. at 487-92.   Courts that have considered such a standard recognize that *Rhines* considered the balancing of essentially three competing policies: (1) respect to the state courts' role in enforcement of federal law; (2) the AEDPA's intention to reduce delays in the execution of state and federal criminal sentences; and (3) unfairly denying petitioners the chance of federal review of their convictions.  *See Jones*, 762 F.3d at 1181; *Blake*, 745 F.3d at 981-84.   In *Murray*, the Supreme Court enumerated similar policy considerations when defining good cause in relation to procedural default.  *See Murray*, 477 U.S. at 487-92 (balancing the state's interests in its role in enforcing constitutional law and reducing delays in the execution and finality of criminal sentences versus a petitioner's interests in receiving federal review of post-conviction claims of constitutional magnitude).  Similarly, the standard of good cause in a stay and abeyance is benefitted by borrowing the reasoned balancing of similar interests pertaining to good cause in a procedural

default analysis.

For those reasons, this Court finds it important to articulate a clear standard of good cause; petitioners show good cause when they provide a reasonable excuse that is external to their efforts to comply with the statute of limitations and one that cannot be rationally placed onto them. Further, the excuse must be supported by a showing of merit. Here, as will be discussed below, Lopez has shown good cause.

Lopez argues in his Motion that the attorney-client relationship with his post-conviction counsel, Gary A. Udashen, has been tense.[2]  *See* Dkt. No. 12 Ex. 1 at 2. For example, Lopez claims that Udashen does not cooperate with him, refused to file his state petition as instructed, and ignored inquiries into the status of his case. *Id.*  While the Court cannot comment as to the veracity of these allegations or whether they amount to ineffective assistance of counsel, it is clear that Lopez envisioned that Udashen's representation would include a timely filing of state and federal habeas petitions. *See id.* at 11-13, 23-24. In fact, Udashen told Lopez and his family that he would file a state habeas petition within the applicable federal statute of limitations period. *See id.* at 2, 19-20. However, Udashen did not file a state habeas petition on behalf of Lopez within the applicable federal limitations period. *See* Dkt. No. 17. After the federal statute of limitations had run, Udashen

---

[2] Udashen reurged and refiled Lopez's original pro se Motion (Dkt. No. 1). Therefore, despite representing Lopez, Udashen chose to regurgitate the request for relief contained in Lopez's pro se motion. Udashen took similar action  regarding Lopez's § 2254 Petition, in which his accompanied memorandum unabashedly copied and pasted the argument from the direct appeal to the state appellate court regarding the sufficiency of the evidence to support his conviction. *See* Dkt. Nos. 18, 26-3 at 24-27.

filed a status report with this Court stating the state petition would be filed in a manner that would toll the statute of limitations.  *See* Dkt. No. 22 at 2.  Despite Udashen's stated intentions, there is no reason to believe Lopez's state petition was filed in a manner allowing the Court to decide his additional claims on the merits following their exhaustion in state court.  First, Udashen filed the state habeas petition beyond the federal statute of limitations period.  *See* Dkt. No. 17.  Second, Udashen has made no argument of substance alleging that these claims would qualify for equitable tolling.  *See* Dkt. Nos. 12 Ex. 1 at 3-4 (arguing cause and prejudice, but not the merits of the claims), 17, 22 at 2 ("Petitioner submits to the Court that the issues he will raise in his state application for writ of habeas corpus will have merit.").

It could be argued that Lopez did not establish good cause because he failed to file a pro se state or federal habeas petition, as he was well aware of both the statute of limitations and of his attorney's failure to provide effective counsel thus far.  Respondent attempted to make this argument in relation to equitable tolling.  *See* Dkt. No. 31 at 7-8.  In relation to the request for a stay and abeyance, however, Respondent simply argues that Lopez has "not even attempt[ed] to meet the good cause requirement of *Rhines*[.]"  *Id.* at 13.  The underlying logic of Respondent's arguments may have weight in some situations.  Here, it does not because this Court explicitly admonished Lopez that he was not entitled to dual representation.  *See* Dkt. No. 15.  In fact, this Court specifically instructed him "to rely on his counsel to file pleadings and motions on his behalf and refrain from filing pro se

submissions." *Id.* Attorneys may understand that the Court has no authority to strike state court filings. However, Lopez, a pro se prisoner, should not be punished for following a reasonable interpretation of an order by this Court. *See McKnight v. Blanchard*, 667 F.2d 477, 481-82 (5th Cir. 1982) (excusing a pro se prisoner's misunderstanding of the wording of a valid court order).

### ii.    Whether Lopez's Claims Have Merit

In Lopez's § 2254 Petition, Lopez only argues that the evidence was insufficient to support his state conviction. Dkt. No. 17 at 7. In his Motion, Lopez argues that he is "actually innocent." *See* Dkt. No. 12 Ex. 1 at 6. However, the claim appears to rehash his insufficient evidence claim. Lopez argues that "no reasonable jury could have found [him], guilty of capital murder, under any legal theory." *See id.* This is not a proper "actual innocence" claim. To make a proper showing of actual innocence, a prisoner must allege factual innocence rather than insufficiency of the evidence under a legal standard. *See, e.g.*, *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Lopez also states that "[b]ut for the ineffective assistance of counsel" he would not have been convicted. Dkt. No. 12 Ex. 1 at 6. In Lopez's Motion, he focuses mainly on discussing the evidence, factual admissions contained in the indictment, and the procedural history of his conviction. *Id.* at 5-8. Lopez does discuss a possible conflict of interest with his trial attorney, but the allegation is largely unintelligible. *Id.* Therefore, this Court treats these statements as an extension of his insufficiency of the evidence claim. In doing so, this Court further finds that these allegations are not otherwise

contained within his § 2254 Petition nor do they appear directly related to the claims contained in his state petition. *See* Dkt. Nos. 12 Ex. 1, 25. Respondent argues that this claim is meritless because it is procedurally barred. Dkt. No. 31 at 12. Finally, Respondent argues that Lopez's state petition claims are now time-barred because they were filed past the federal statute of limitations. *See id.* at 3.

Federal habeas courts are guided by rules designed to provide state court judgments with finality and respect, which is necessary to preserve the integrity of the state legal system in a federalist system. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). This includes the doctrine of procedural default. Procedural default directs a federal court to decline review of a claim on the merits, including constitutional claims, if a state court declined to hear the claim because a prisoner failed to follow a firmly established state procedural rule. *Id.* That said, a federal court will review the claim on the merits if the prisoner shows "cause" and "prejudice" from a violation of federal law. *Id.*

In Texas, it is well established that a prisoner cannot receive relief for claims brought in a habeas proceeding that could have been brought on direct appeal. *See Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996, *clarified on reh'g* Feb. 4, 1998); *see also Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004) (recognizing that *Gardner* firmly established that procedural rule). Here, Lopez appealed the sole ground of relief in his § 2254 Petition to the intermediate court of appeals. *See* Dkt. No. 26-9 at 2, 7. However, Lopez did not raise this claim for discretionary review to the Texas Court of Criminal Appeals. Dkt. No. 30-20 at 4-5.

Thus, the claim is procedurally defaulted for Lopez's failure to fully exhaust the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999) (finding that failure to apply for discretionary review may result in procedural default); *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986) (finding that, in Texas, sufficiency of the evidence claims must be brought under direct review as opposed to habeas proceedings). Further, Lopez does not offer any argument for cause or prejudice. *See* Dkt. No. 12 Ex. 1 at 5-8. Lopez does argue the merits of the claim, but not a cause for his failure to bring the claim for discretionary review with the Texas Court of Criminal Appeals or any prejudice resulting from his failure to do so. *Id.* For these reasons, Lopez's sole ground for relief in his § 2254 Petition is procedurally barred.

As for the claims contained in Lopez's state petition, this Court declines the invitation to consider them. First, it is unclear whether a court should consider *potential* claims when determining whether a petitioner's claims are meritless under *Rhines*. *See Green*, 699 F.3d at 420 ("We are unwilling to treat this new claim as an unexhausted claim within the meaning of *Rhines*, which would permit the district court to stay his execution pending the state court disposition of this new claim."). As discussed above, a stay and abeyance is ordinarily considered for "mixed" petitions where both exhausted and unexhausted claims are alleged in a federal habeas petition. Here, Lopez submits only one claim in his § 2254 Petition. Dkt. No. 17. Lopez seeks to supplement his federal habeas petition once his state petition's claims are exhausted. *See* Dkt. Nos. 12 Ex. 1 at 18, 22.

Respondent is correct in arguing that it is unclear what claims Lopez will

eventually supplement into his § 2254 Petition.  First, Lopez has not sought to amend his § 2254 Petition to include any of the claims contained in his state petition.  Thus, this Court does not know what claims, if any, will actually be exhausted.  Second, because the state habeas petition was filed after the federal statute of limitations had passed, Lopez would require equitable relief, such as equitable tolling, for the Court to consider his claims on their merits.  At this juncture, should this Court consider whether or not Lopez is aided by equitable tolling or otherwise make findings regarding his state petition claims, it would in effect render an advisory opinion.  Courts cannot render advisory opinions because such opinions flout the basic constitutional limitations of federal court jurisdiction. *See, e.g.*, *United States v. Fruehauf*, 365 U.S. 146, 157 (1961).  For these reasons, this Court will not consider Lopez's state petition claims.  This Court finds that Lopez has failed to show his claims are not plainly meritless, and he does not qualify for a stay under *Rhines*.[3]  For those reasons, Lopez's § 2254 Petition should be dismissed.

## V. Recommendation

For the reasons above, it is recommended the Court deny Lopez's Motion and dismiss his § 2254 Petition without prejudice.

---

[3] Discussion of the third *Rhines* factor is unnecessary as Lopez has failed to show his claim is not plainly meritless.  However, the record indicates that Lopez has not purposefully delayed his federal litigation.  Lopez originally filed his motion to stay a federal petition almost a month before the statute of limitation ran.  *See* Dkt. No. 1.  Further, Udashen filed Lopez's § 2254 Petition within two weeks of this Court denying Lopez's pro se motion to stay.  *See* Dkt. No. 17.

## VI. Notice to Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking those factual findings and legal conclusions that the district court accepts on appeal, provided that the party has been served with notice that such consequences will result from a failure to object.   *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 25th day of April, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**