Jesus Cervando Lopez
#1784120, Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601-8799

NOV 1 9 2018

David J. Bradley, Clerk of Court

November 3, 2018

B15CV144

SENT VIA FIRST CLASS REGULAR MAIL

Honorable Ignacio Torteya, III
United States Magistrate Judge
United States District Court
Southern District Of Texas
Brownsville Division, Room 203
Fed. Bldg., 600 Harrison Street
Brownsville, Texas 78520-7273

> Re: Jesus Cervando Lopez v. William Stephens, Civil Action
> No. 1:15-CV-00144, Petitioner's Pro Se Motion For Stay
> And Protective Petition § 2254 Habeas Corpus Petition

Dear Judge Torteya:

I am writing this because I want to make absolutely sure that, I am proceduraly correct in exercising the duty I owe to pursue justice with 'due diligence' after I have been entangled in this extended farc and miscarriage of justice, that has cost me a substantial amount of money in attorney fees, and court cost, not to mention the seperation from my wife and family after conviction for a crime that I never committed.

For purposes of the federal litigation relevant to this letter, I attempted to preserve my right for federal review under the provisions of 28 U.S.C., § 2254, by filing the above pro se motion for a stay and protective petition. I experienced out right defiance, and rebellion from my retained employee Gary A. Udashen, a Board certified post-conviction expert with state writ of habeas corpus proceedings, and trying to protect myself from harm and damages caused by Gary A. Udashen, who committed perjury and lied to this court, I filed a pro se motion with your clerk. I explained to the Court, that Gary A. Udashen, was instructed "not to miss" the deadline for filing the state application for writ of habeas corpus under Article 11.07, § 3, Texas Code of Criminal Procedure, and that Gary A. Udashen assured me, that my state proceeding would be timely, and we would be eligible for federal review. Gary A. Udashen missed the deadline, and this Court dismissed my motion 'after' misconstruing the pro se motion, as my initial § 2254 petition.

Subsequently, I wrote a letter to you, which never got any reply, and the wall of silence left me hanging.

Moving forward, I filed a Rule 60(b) motion trying to avoid any more delays, and trying to overcome the procedural default caused by Gary A. Udashen inspite of my best efforts to alert the Court, and exercise due diligence, and compliance with the rules. My court appointed attorney filed an Anders brief, and then withdrew, and the Fifth Circuit Court of Appeals ordered me to file a pro se brief, which I did, and they denied.

I spent more money, and paid additional attorneys and after exhausting every remedy in New Orleans, at the Fifth Circuit, I spent more money, and submitted my writ to the U.S. Supreme Court, in Washington, D.C.

Now I am in New Orleans, asking the Court, for an extension of time to file my pro se motion for reconsideration of the decision to deny the Rule 60(b) motion, before I continue on back to the U.S. Supreme Court, with another application for leave to file a subsequent writ challenging the denial of the appeal by the Fifth Circuit on my Rule 60(b) motion.

Subsequently to all of this, I anticipate filing a Rule 27 motion, asking this court for its leave to perpetuate the testimony of various Cameron County officials, and residents in anticipation of filing a 42 U.S.C., § 1983 civil action, to conduct discovery under <u>Skinner v. Switzer,</u> for my future habeas challenges to the validity of my Cameron County conviction and sentence for the capital murder of Reynaldo Martinez, which Cameron County admitted "I did not" kill anyone ever. As this letter sets out, I am going to be tied up for some time with attorneys and courts, and pro se doing the work, and fighting the fight necessary to prove my innocence, and win an order and judgement of acquittal, and be exonerated then released just like the <u>more then 79 innocent men and women</u> from Texas district courts, that were wrongfully convicted and confined in a state penitentiary for crimes they never committed.

I assume, but want to make crystal clear, now that Gary A. Udashen has been exposed for the liar and perjurious attorney licensed by the State Bar, that I am free to proceed pro se in your court in other litigation. I would like the Court's affirmation, and assurance that I will not be exposed to any sanctions or punitive measures, for fighting this battle to come home to my wife, and my world, after corruption in Cameron County, and the fruit of Armando Villalobos seperated me from every one and every thing that I hold precious and dear. If it is not to much to ask of you, and if it is allowed and proper for you to do so, please let me know whether or not I can go forward and press towards the justice I have been denied pro se, and with the assistance of retained counsel in other proceedings?

Thank you, Judge Torteya for giving me this opportunity to contact your courtroom, and ask these questions. Please reply to this letter, and give me your answer as your time permits. Additionally, please allow me this opportunity to wish you, and the Court, a happy holiday season, and know that I look forward in January 2019, to working with your staff to win my freedom, and prove my innocence, and hold those responsible under the laws of the State of Texas, and the United States for wrongfully convicting me to full extent of the law.

Respectfully submitted,

*Jesus C. Lopez*  11-03-18
Jesus Cervando Lopez, Pro Se

cc:jcl

Jesus Cervando Lopez
#1784120, Robertson Unit
12071 F.M. 3522
Abilene, Texas 79501-8799

LEGAL MAIL

Honorable Ignacio Torteya, III
United States Magistrate Judge
United States District Court
Southern District Of Texas
Brownsville Division, Room 203
Fed. Bldg., 600 E. Harrison Street
Brownsville, Texas 78520-7273